IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES EARNEST WHISMAN,** | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:10-CV-503 (CAR) |
| **JOE BUICE,** | : | |
| | : | Proceedings under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court are two motions filed by Defendant Joe Buice: a Motion to Dismiss (Doc. 11) and a Motion to Strike (Doc. 17) Plaintiff's Surreply (Doc. 16). Because Plaintiff has failed to allege facts sufficient to establish that his Constitutional rights were violated, and because Plaintiff's claim is barred by the provisions of the Prison Litigation Reform Act (PLRA), it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. Additionally, because the Court has considered Plaintiff's Surreply while recommending that Defendant's motion to dismiss be granted, it is hereby **ORDERED** that Defendant's Motion to Strike be **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

On or about August 15, 2008, Plaintiff escaped from the Western Kentucky Correctional Complex in Lyon County, Kentucky. Pl.'s Resp. (Doc. 14). On September 5, 2008, Plaintiff was arrested in Lamar County, Georgia, for theft by receiving stolen property. Pl.'s Comp. (Doc. 5);

1

Def.'s Ex. A (Doc. 11-2). Plaintiff was then detained at the Lamar County Detention Center (LCDC) and remained there until July 21, 2009, as a pretrial detainee.[1] Pl.'s Comp. (Doc. 5).

From Plaintiff's arrival at the LCDC on September 5, 2008, until September 10, 2008, Plaintiff was allowed recreation time outdoors. Pl.'s Comp. (Doc. 5). On September 11, 2008, Plaintiff was told by Deputy Joseph[2] that Defendant Buice, the Sheriff of Lamar County, had ordered that Plaintiff was no longer allowed to go outdoors for recreation. Id. After filing a grievance the following day, Plaintiff was informed that he was not allowed to go outdoors for recreation because of the risk that he would escape. Id. Plaintiff was not allowed to go to recreation until December 31, 2008. During that time period Plaintiff was, however, allowed to go to church every Thursday, every other Sunday, and every other Tuesday. Id.

On December 28, 2010, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendant, claiming that his Eighth Amendment rights were violated. Pl.'s Comp. (Doc. 5). Specifically, Plaintiff alleged that he was not allowed recreation time outdoors from September 11, 2008, until December 31, 2008. On May 12, 2011, Defendant filed the instant Motion to Dismiss, arguing, *inter alia*, that Plaintiff failed to state a claim that his constitutional rights were violated. Doc. 11.

## DISCUSSION

Based on the factual allegations in the Complaint, Defendant is protected by qualified immunity. The Complaint indicates that Defendant restricted Plaintiff's access to outdoor recreation time based on a concern about the risk of escape. The restriction was therefore related to a legitimate government interest and did not violate any clearly established law. Because

---

[1] Plaintiff's theft by receiving charges in Lamar County, Georgia, were dismissed on July 21, 2009, and Plaintiff was then transferred to the custody of the Western Kentucky Correctional Complex, where he remains incarcerated. Def.'s Exs. A, H, I (Doc. 11-2).
[2] Deputy Joseph is not a Defendant in this action.

Defendant is protected by qualified immunity under the facts as alleged in the Complaint, the Complaint fails to state a claim and must be dismissed.

To survive a motion to dismiss, a complaint must allege specific facts that, accepted as true, "state a claim of relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff alleges facts that could reasonably allow the court to infer that defendant is liable for the alleged misconduct. Id. Where the alleged facts do not allow the court to infer more than a mere possibility of misconduct, the complaint has not demonstrated that the plaintiff is entitled to relief. Id. Therefore, when examining the facts alleged in a complaint, the court must assume the facts to be true and "then determine whether they plausibly give rise to an entitlement to relief." Id.

Because Plaintiff was a pretrial detainee at the LCDC, Plaintiff's claim must be examined under the Due Process Clause of the Fourteenth Amendment. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). The proper inquiry for a pretrial detainee is whether the conditions of confinement amount to punishment of the detainee prior to an adjudication of guilt in accordance with due process of law. Bell v. Wolfish, 441 U.S. 520, 535 (1979); see Villarreal v. Woodham, 113 F.3d 202, 207 (11th Cir. 1997) (recognizing that confinement of pretrial detainees is a necessary restriction to ensure their presence in court). Under the due process clause of the Fourteenth Amendment, a state may not impose punishment on a pretrial detainee who has not been adjudicated guilty of any offense. Prior to trial, the state may detain a defendant "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell, 441 U.S. at 536-37. In examining a pretrial

detainee's conditions of confinement, a court must determine whether the restriction was imposed for a punitive purpose or whether the restriction was reasonably related to a legitimate government objective. Bell, 441 U.S. at 538-39. Pretrial detention becomes punitive in violation of the Fourteenth Amendment only if the conditions placed on the detainee are "more restrictive than necessary to assure his presence at trial or to preserve security." Miller v. Carson, 563 F.2d 741, 750 (5th Cir. 1977).[3]

The Complaint fails to set forth a plausible claim for relief because the facts alleged show that Defendant is entitled to qualified immunity. Qualified immunity protects government officials from civil liability when their conduct in performing discretionary functions "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lassiter v. Alabama A & M University, 28 F.3d 1146, 1149 (11th Cir. 1994) (internal quotations omitted). As the Sheriff in charge of the LCDC, Defendant was performing a discretionary function when he ordered that Plaintiff not be allowed to go to recreation outdoors. See Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). A law enforcement officer acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). Courts need not consider the two prongs of the analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id.

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit, handed down prior to the close of business on September 30, 1981, are binding as precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir.1981).

Leaving aside the question of whether the allegations in the Complaint amount to a constitutional violation, the Court must dismiss the Complaint because the facts alleged do not show that Defendant violated a clearly established constitutional right. According to the Complaint, Defendant ordered that Plaintiff be restricted from outdoor exercise between September 11 and December 31, 2008, based on the concern that Plaintiff posed a risk of flight. Courts in the Eleventh Circuit have not recognized an absolute right to outdoor exercise during pretrial detention.  Although courts in the Eleventh Circuit have observed that deprivation of outdoor exercise may be punitive in certain circumstances, due process does not "require that every pretrial detainee have an automatic constitutional right to outdoor exercise." See Wilson, 163 F.3d at 1292, n.12.  Outdoor exercise or recreation may be restricted based on resource limitations or on legitimate government purposes, such as security.

The Complaint in this case indicates that Defendant's order to restrict Plaintiff's outdoor recreation activity served the legitimate purpose of addressing a risk of escape.  In his Complaint Plaintiff states that he was told Defendant had ordered the restriction on outdoor exercise because Plaintiff was an escape risk. Plaintiff concedes in his response to the Motion to Dismiss that he had escaped from the Western Kentucky Correctional Complex prior to his arrest in Georgia. Because there is no clearly established law to establish that Defendant violated Plaintiff's right to due process by restricting his outdoor recreation for a period of just over three months to address a known risk of escape, Defendant is protected by qualified immunity.

Moreover, any claim for compensatory damages is barred by the PLRA. Under the PLRA, an imprisoned plaintiff is barred from bringing suit for mental or emotional injury unless there is a prior showing of physical injury. 42 U.S.C. § 1997e(e); see e.g., Napier v. Preslicka, 314 F.3d 528, 533 (11th Cir. 2002). In this case, Plaintiff does not allege any physical injury, but

alleges only that the lack of outdoor recreation time caused him to be depressed and resulted in Plaintiff being seen by a psychiatrist. As such, Plaintiff's claim is barred by the PLRA.

For the reasons stated above, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the court is Defendant's Motion to Strike Plaintiff's surreply. Striking a pleading should be sparingly used by courts as it is a drastic remedy to be resorted to only when required for the purposes of justice. Although a surreply is not authorized by the Local Rules of this Court, the Court has read and considered the arguments raised in Plaintiff's surreply brief and has found them to be unpersuasive.  Accordingly, Defendant's motion is hereby **DENIED**.

**SO RECOMMENDED and ORDERED**, this 6th day of January, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge