THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES EARNEST WHISMAN,** | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:10-cv-503 (CAR) |
| v. | : | |
| | : | |
| **JOE BUICE,** | : | |
| | : | |
| Defendant. | : | |

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Recommendation of the United States Magistrate Judge [Doc. 21] that Defendant's Motion to Dismiss be granted. Plaintiff has filed an Objection to the Recommendation [Doc. 22]. Upon a *de novo* review of the Complaint, the Recommendation, Plaintiff's objections, and the relevant legal authorities, the Court agrees with the reasoning and findings of the Magistrate Judge in his Recommendation. Thus, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, Defendant's Motion to Dismiss [Doc. 11] is granted, and this case is hereby dismissed.

Plaintiff escaped from a correctional facility in Kentucky, and was subsequently arrested and detained in Lamar County, Georgia for theft by receiving stolen property. While a pretrial detainee in the detention center, Defendant Buice, Sheriff of Lamar

1

County, barred him from outdoor recreation time for approximately three months. Plaintiff filed his Complaint under 42 U.S.C. § 1983 against Defendant Buice claiming he violated his constitutional rights.  The Magistrate Judge recommends dismissal of his Complaint because Defendant is protected by qualified immunity under the facts as alleged in the Complaint, and therefore the Complaint fails to state a claim for relief.

In his Objection, Plaintiff argues Defendant is not protected by qualified immunity because his decision to bar Plaintiff from outdoor recreation time is a ministerial task, not a discretionary function.  However, the Eleventh Circuit has "abandoned this 'discretionary function/ministerial task' dichotomy" in the qualified immunity context.  Hollomon ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).  "[T]he term 'discretionary authority' [is interpreted] to include actions that do not necessarily involve an element of choice, and [] for purposes of qualified immunity, a governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function." Id. (internal quotation marks and citation omitted).  Thus, even if this Court were to find that Defendant's decision barring Plaintiff's recreation time was ministerial, which it does not, he would still be protected by qualified immunity.

Contrary to Defendant's arguments otherwise, this Court agrees with the Magistrate Judge that the facts alleged in the Complaint do not show Defendant

violated a clearly established constitutional right. The Eleventh Circuit has not recognized an absolute right to outdoor exercise during pretrial detention. Moreover, outdoor exercise may be restricted based on legitimate governmental purposes, such as a known risk of escape. Additionally, because Plaintiff does not allege any physical injury, his claim is barred by the Prison Litigation Reform Act. Thus, his Complaint must be dismissed.

**SO ORDERED**, this 23rd day of February, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH